## IN THE UNITED STATES DISTRICT COURT FOR THE

### EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **UNDER SEAL** |
| | ) |
| v. | ) Criminal No. 1:16-CR-43 |
| | ) |
| RAJU KOSURI, | ) <u>Count 1</u>:  Conspiracy to Commit Visa Fraud |
| (Counts 1-4; 10-19) | ) (18 U.S.C. § 371) |
| | ) |
| SMRITI JHARIA, | ) <u>Counts 2-9</u>: Visa Fraud |
| (Counts 1; 16-20) | ) (18 U.S.C. § 1546(a)) |
| | ) |
| SANCHITA BHATTACHARYA, | ) <u>Counts 10-12</u>: Aggravated Identity Theft |
| (Counts 1; 8-9; 21) | ) (18 U.S.C. § 1028A(a)(1)) |
| | ) |
| VIKRANT JHARIA, | ) <u>Counts 13-15</u>:  International Money Laundering |
| (Counts 1; 5) | ) (18 U.S.C. § 1956(a)(2)(A)) |
| | ) |
| RICHA NARANG, | ) <u>Count 16</u>: Conspiracy to Make False Statements |
| (Counts 1; 6-7) | ) to the Small Business Administration |
| | ) (18 U.S.C. § 371) |
| RAIMONDO PILUSO, | ) |
| (Counts 16-19) | ) <u>Counts 17-19</u>: False Statements to the |
| | ) Small Business Administration |
| Defendants. | ) (18 U.S.C. § 1014) |
| | ) |
| | ) <u>Counts 20-21</u>: Unlawful Procurement of |
| | ) Naturalization |
| | ) (18 U.S.C. § 1425(a)) |
| | ) |
| | ) Forfeiture Notice |

## INDICTMENT

April 2016 Term - at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

### General Allegations

At all times relevant to this Indictment:

　　　1.　　　EcomNets, Inc., Data Systems, Inc., United Software Solutions, Inc.,

Unified Systems, Inc., United Technologies, Inc., Citrix Software, Inc., Agility Software,

Inc., American Eagle Software, Inc., Climetrics, Inc., Immigration, LLC, and EcomNets Federal Solutions, LLC (also known as GovSecurity, LLC) were business entities owned and controlled by RAJU KOSURI ("KOSURI") and SMRITI JHARIA ("JHARIA"), and located in the Eastern District of Virginia. The above-listed business entities are described elsewhere in this as Indictment as "the Enterprise businesses." The Enterprise businesses purported to provide information technology ("IT") staffing, enterprise software, and electronic data storage for corporate and government contract clients.

2.      Defendant KOSURI was an Indian national and U.S. legal permanent resident and was married to defendant JHARIA, an Indian national and naturalized U.S. citizen. Defendant SANCHITA BHATTACHARYA ("BHATTACHARYA") was an Indian national and naturalized U.S. citizen. Defendant VIKRANT JHARIA was an Indian national who was admitted to the United States in 2014 on a non-immigrant visitor visa and was the brother of defendant JHARIA; he was later granted temporary work and residency authorization based on a petition for an L-1A visa (intra-company executive or manager transferee). Defendant RICHA NARANG ("NARANG") was an Indian national and naturalized U.S. citizen. Defendant RAIMONDO PILUSO ("PILUSO") was a U.S. citizen born in Germany who acquired citizenship from one or both parents.

3.      Celtic Bank and First National Bank of Pennsylvania were banks whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

4.      The U.S. Small Business Administration ("SBA") was an independent agency within the executive branch of the United States government. The Department of Homeland Security ("DHS") and Department of Labor ("DOL") were departments within the executive branch of the United States government.

## The H-1B Visa Program

5.     The H-1B visa program allowed American businesses to temporarily employ foreign workers with specialized or technical expertise in a particular field such as accounting, engineering, or computer science. The U.S. government limited the issuance of H-1B visas to 65,000 visas nationwide for the year 2015; exemptions from the cap allowed for approximately 90,000 total visas to be issued under the H-1B program. Generally, the H-1B program was designed to allow American businesses to employ highly educated foreign workers, but only under strict conditions.

6.     Before hiring a foreign worker under the H-1B visa program, the employer must have obtained approval from DOL by filing a Labor Condition Application ("LCA"). In the LCA, the employer represented that as of the date of the filing, a job vacancy or vacancies existed, and it intended to employ a specified number of foreign workers for specific positions, at specific geographical locations, for a particular period of time. The employer was required by DOL to make truthful representations regarding the foreign worker's rate of pay, work location, and whether the position was full-time. The employer must have represented that it would pay the foreign worker (hereinafter "beneficiary") for non-productive time—that is, an employer who sponsors a beneficiary was required to pay wages and other benefits to the beneficiary, even if he was not actively working for certain periods of time. Employers were prohibited by program regulations from requiring that beneficiaries pay, directly or indirectly, any part of the LCA or petition filing fee, administrative fees, attorney fees or any other costs related to the H-1B petition.

7.     Upon approval of the LCA by DOL, the employer must then have obtained permission from DHS and its components (to include U.S. Citizenship and Immigration Services ("USCIS")) to hire a specific, named individual. The employer

obtained this approval by filing a Form I-129 Petition for a Nonimmigrant Worker and paying a processing fee to DHS. Included with the I-129 was background information about the beneficiary and the employment opportunity, to include: (1) request to change, amend, or continue immigration status, (2) job title, (3) description of responsibilities, (4) rate of pay, (5) location of intended employment, (6) expected hours to be worked, (7) dates of intended employment, (8) CV of prospective beneficiary, and (9) university transcript and/or proof of advanced degree. Once USCIS approved the petition, the beneficiary applied for a visa at a U.S. consulate overseas, or, if already in the United States, the beneficiary's status was changed and/or extended as requested in the petition.

8.     Once the beneficiary was granted H-1B status, she possessed lawful non-immigrant status until the expiration of the H-1B status (typically three years, with an option for renewal) or the end of employment with the sponsoring employer. If the employment ended, the employer was obligated to notify USCIS and pay for the beneficiary to return to her native country. The employer must have begun payment of salary to the beneficiary within 60 days of visa issuance, if she was already in the United States or within 30 days of admission to the United States if the beneficiary lived abroad.

9.     Employers utilizing the H-1B visa program frequently retained immigration lawyers and consultants to navigate the petition process. These lawyers often prepared petitions on behalf of sponsoring employers and communicated with DOL and USCIS regarding requests for additional information. Lawyers who represented employers on petitions were required to file with the petition a Form G-28 Notice of Entry of Appearance as Attorney or Accredited Representative. The Form G-28 included identifying information about the lawyer and an attestation, made under penalty of perjury, that all information provided by the lawyer in the Form G-28 was true and correct.

4

## Count 1
### (Conspiracy to Commit Visa Fraud)

10.     Paragraphs One through Nine of the general allegations are re-alleged and incorporated by reference as if they were set forth herein.

11.     From in or about September 2001 through in or about January 2016, in the Eastern District of Virginia and elsewhere, defendants KOSURI, JHARIA, VIKRANT JHARIA, BHATTACHARYA, and NARANG did knowingly and intentionally combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to make under oath, and as permitted under penalty of perjury, knowingly to subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, and to knowingly present any such application, affidavit, and other document containing any false statement and which fails to contain any reasonable basis in law or fact, in violation of Section 1546(a) of Title 18, United States Code.

### Purpose of the H-1B Visa Conspiracy

12.     The primary purpose of the conspiracy was to obtain money from visa beneficiaries and end clients by means of securing H-1B visas through false and fraudulent representations to DHS, DOL, and components of those departments.

### Manner and Means of the H-1B Visa Conspiracy

13.     The named and unnamed co-conspirators employed various means in furtherance of the conspiracy, including but not limited to means described in paragraphs Fourteen through Twenty below.

14.     Defendant KOSURI organized EcomNets, Inc. in or about 2000, and organized the remaining Enterprise businesses beginning in 2008 and continuing through at least 2015. Defendants KOSURI and JHARIA acted as registered agents for some of

the Enterprise businesses, while others were registered to nominees of KOSURI and

JHARIA, to include fictitious persons; in fact, defendants KOSURI and JHARIA owned

and controlled all of the Enterprise businesses. The Enterprise businesses purported to,

among other services, provide information technology ("IT") consultants to corporate

clients in need of IT support throughout the United States (the "staffing business").  In

support of the staffing business, defendants KOSURI, VIKRANT JHARIA,

BHATTACHARYA, and NARANG, as well as other unnamed co-conspirators, recruited

beneficiaries, nearly all of whom were Indian nationals, to apply for H-1B visas.

15.     Beginning in 2001, when KOSURI caused an I-129 Petition for a

Nonimmigrant Worker to be filed by EcomNets, Inc. on behalf of his spouse, JHARIA,

for H-1B status, and continuing through at least 2015, KOSURI and other named and

unnamed co-conspirators submitted petitions for more than 800 individual immigration

benefits under the H-1B program.

16.     Defendant KOSURI and other named and unnamed co-conspirators filed

fraudulent and fictitious H-1B visa petitions and LCA's on behalf of the Enterprise

businesses. These H-1B visa petitions and LCA's contained material false statements

concerning: (1) the existence of a bona fide employment vacancy; (2) the end client who

would employ the beneficiary; (3) the place of intended employment of the beneficiary;

(4) the identity of the individual sponsoring the petition; (5) the job responsibilities of the

beneficiary, and (6) the relationship between the beneficiary's employer and the

purported end client.  The co-conspirators claimed in numerous H-1B visa petitions and

LCA's submitted to DOL and DHS that the beneficiaries would work at a data center in

Danville, Virginia, when in fact the beneficiaries would work for end clients at locations

throughout the United States.

6

17.     Defendants KOSURI, BHATTACHARYA, VIKRANT JHARIA, and

NARANG, as well as unnamed co-conspirators, represented to DOL, DHS, and USCIS

that the Enterprise businesses were wholly independent of one another, when in fact all of

the Enterprise businesses were owned and controlled by KOSURI and JHARIA. To

maintain the appearance of independence in federal government filings, the co-

conspirators used fictitious individuals to sign H-1B visa petitions and LCA's, and also

forged the signatures of real individuals who had no role in preparing or submitting visa

petitions or supporting documentation. The co-conspirators further set up dummy email

accounts in the names of fictitious individuals to deceive DHS and DOL as to the true

author of various e-mail communications.

18.     Defendant KOSURI opened bank accounts in the names of the individual

Enterprise businesses, and regularly transferred funds between those accounts.

Defendant KOSURI used those accounts to receive payment from end clients and to pay

wages to the beneficiaries. Defendant KOSURI initiated wire transfers from these bank

accounts to bank accounts he controlled in India.

19.     Defendant KOSURI and other named and unnamed co-conspirators failed

to withhold employment taxes from some beneficiaries' wages and remit those taxes to

state and federal tax authorities. Beneficiaries were routinely denied access to forms W-2

and other individual tax reporting forms by defendant KOSURI.

20.     Defendant KOSURI and other named and unnamed co-conspirators

violated H-1B visa program rules by collecting visa processing and filing fees from

beneficiaries. Defendant KOSURI opened a bank account at Wells Fargo Bank in the

name of "Immigration, LLC," which account received not less than 400 payments for

visa processing fees from individual beneficiaries between February 2014 and April

2015.

**Overt Acts in Furtherance of the H-1B Visa Conspiracy**

21.     In furtherance of the conspiracy, and to effect its illegal objects, on or about the dates listed below, in the Eastern District of Virginia and elsewhere, defendants KOSURI, JHARIA, VIKRANT JHARIA, BHATTACHARYA, NARANG, and their co-conspirators committed the following overt acts, among others:

a.     On or about October 23, 2002, defendant JHARIA signed and caused to be filed with the Immigration and Naturalization Service, a predecessor agency and component of DHS, a fraudulent "Biographic Information" form on which she claimed employment at Commerce One between February 2000 and September 2001, knowing that claim to be false.

b.     On or about April 30, 2011, defendant BHATTACHARYA, acting as Operations Manager for Unified Systems, Inc., signed a Purchase Order falsely representing that EcomNets, Inc. and Unified Systems, Inc. had entered into an agreement to provide the services of U.S. to EcomNets, Inc. as a Computer Systems Analyst.

c.     On or about August 2, 2011, defendant BHATTACHARYA, acting as Operations Manager for Unified Systems, Inc., signed a Contractor Agreement falsely representing that Unified Systems, Inc. had entered into an agreement to provide technical or other specialized services to EcomNets, Inc.

d.     On or about June 8, 2012, defendants KOSURI and BHATTACHARYA caused the submission to USCIS of an I-129 Petition for a Nonimmigrant Worker and supporting exhibits on behalf of A.G., which petition falsely represented that Unified Systems, Inc. would employ A.G. as a Computer Systems Analyst in Danville, Virginia.

e.    On or about December 7, 2012, defendant KOSURI signed checks drawn on a Wells Fargo bank account ending -6219 in the amounts of $1,225 and $2,325 to pay the USCIS filing fees for an I-129 Petition for a Nonimmigrant Worker on behalf of A.J.

f.    On or about December 13, 2012, defendant KOSURI caused the submission to USCIS of the I-129 Petition for a Nonimmigrant Worker and supporting exhibits on behalf of A.J., which petition falsely represented that Unified Systems, Inc. would employ A.J. as a Computer Systems Analyst in Danville, Virginia.

g.    On or about February 22, 2013, defendant KOSURI obtained a Delaware business license for United Software Solutions, Inc.

h.    On or about March 27, 2013, defendant KOSURI signed checks drawn on Wells Fargo bank account ending -0887 in the amounts of $1,225 and $1,575 to pay the USCIS filing fees for an I-129 Petition for a Nonimmigrant Worker on behalf of K.S.

i.    On or about April 11, 2013, defendant KOSURI caused the submission to USCIS of the I-129 Petition for a Nonimmigrant Worker and supporting exhibits on behalf of K.S., which falsely represented that United Software Solutions, Inc. would employ K.S. as a Computer Systems Analyst in Danville, Virginia, and that K.S. would be supervised by onsite manager T.F.J.

j.    On or about July 16, 2013, defendant KOSURI caused the transmission of e-mail communications to beneficiary R.M. in connection with delayed payment of wages, in which e-mail defendant KOSURI stated, inter alia, "You are an hourly consultant NOT an employee - please understand your position with our company."

k.    On or about January 21, 2014, defendant NARANG caused the transmission of e-mail communications to defendant KOSURI, in which she requested that defendant KOSURI forge the signature of the synthetic persona "Sam Bose" on a document to be submitted to USCIS.

9

l.     On or about January 18, 2014, defendant VIKRANT JHARIA signed and back-dated fraudulent offer letters from "Ecomnets Technologies India Pvt Ltd" with the dates "January 9, 2013" and "December 31, 2012."

m.     On or about April 8, 2014, defendant NARANG caused the transmission of e-mail communications to defendant KOSURI, in which she attached a "Bench List" of beneficiaries who were not currently employed by an end client.

n.     On or about April 12, 2014, defendants KOSURI and VIKRANT JHARIA caused the submission to USCIS of a second I-129 Petition for a Nonimmigrant Worker and supporting exhibits on behalf of defendant VIKRANT JHARIA, which falsely represented that defendant VIKRANT JHARIA had been employed by EcomNets, Inc.'s Indian subsidiary since January 2013 as General Manager.  Included among the supporting documents submitted with the petition were copies of fraudulent offer letters signed by defendant VIKRANT JHARIA and a fraudulent resume for defendant VIKRANT JHARIA.

o.     On or about April 16, 2014, defendant KOSURI caused the submission to USCIS of an I-129 Petition for a Nonimmigrant Worker and supporting exhibits on behalf of N.V., which petition falsely represented that Data Systems, Inc. would employ N.V. as a Computer Systems Analyst in Danville, Virginia, and which included as supporting documentation a fraudulent Deed of Lease purporting to show that Data Systems, Inc. leased space at 107 Carpenter Drive, Suite 220, Sterling, Virginia.

p.     On or about on July 25, 2014, defendant NARANG signed a Consultant Verification Letter falsely representing that Data Systems, Inc. had contracted with EcomNets, Inc. to provide technical services for its ongoing project Enterprise Cloud Implementation project, and that C.B. would be working in Danville, Virginia as a Computer Systems Analyst.

q. On or about June 27, 2014, defendants KOSURI and NARANG, acting as the synthetic persona "Sam Bose," caused the transmission of e-mail communications to a representative of Princeton Information in connection with insurance coverage for United Software Solutions, Inc.

r. On or about August 15, 2014, defendant NARANG signed a Consultant Verification Letter falsely representing that United Technologies, Inc. had contracted with EcomNets, Inc. to provide technical services for its ongoing Federal Cloud Solutions project, and that G. S. would be working in Danville, Virginia as a Computer Systems Analyst.

s. On or about October 6, 2014, defendant VIKRANT JHARIA caused the transmission of e-mail communications to R.S., the beneficiary of a fraudulent United Software Solutions, Inc. I-129 petition, in which defendant VIKRANT JHARIA wrote that certain expenses would be reimbursed only after R.S. had spent six months on a "billable project without bench period."

t. On or about December 18, 2014, defendant KOSURI obtained approval for gross financing of $5,850,000 from First National Bank of Pennsylvania for the business operations of EcomNets, Inc. and EcomNets Danville, LLC.

u. On or about August 16, 2015, defendant KOSURI signed a 2014 Form 1120 U.S. Corporation Income Tax Return with the initials "VJ" as a "Director" of Data Systems, Inc.

v. On or about August 16, 2015, defendant KOSURI signed a 2014 Form 1120 U.S. Corporation Income Tax Return with the initials "VJ" as a "Director" of United Software Solutions, Inc.

(All in violation of Title 18, United States Code, Section 371).

## Counts 2 to 9
### (Visa Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs One to Nine of the general allegations and Twelve to Twenty-One of Count One are realleged and incorporated by reference as if fully set forth herein.

2.     On or about the dates set forth below, in the Eastern District of Virginia and elsewhere, the specified defendants did knowingly and intentionally make under oath, and as permitted under penalty of perjury, knowingly to subscribe as true, a false statement with respect to a material fact in an application, affidavit, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, and to knowingly present any such application, affidavit, and other document containing any false statement and which fails to contain any reasonable basis in law or fact, to wit: Forms I-129 and supporting exhibits, to include responses to Requests for Evidence, each statement constituting a separate count:

| Count | Defendant | Sponsoring Entity | Date Petition/RFE Received | H-1B Visa Beneficiary |
|-------|-----------|-------------------|----------------------------|-----------------------|
| 2 | KOSURI | Unified Systems, Inc. | December 28, 2012 | Abhishek G. |
| 3 | KOSURI | Unified Systems, Inc. | January 15, 2013 | Ashish J. |
| 4 | KOSURI | United Software Solutions, Inc. | July 23, 2013 | Kumar S. |
| 5 | VIKRANT JHARIA | EcomNets, Inc. | April 12, 2014 | Defendant VIKRANT JHARIA |
| 6 | NARANG | Data Systems, Inc. | August 28, 2014 | Chandra B. |
| 7 | NARANG | United Technologies, Inc. | September 5, 2014 | Gautami S. |
| 8 | BHATTACHARYA | Unified Systems, Inc. | November 15, 2011 | Usha S. |
| 9 | BHATTACHARYA | Unified Systems, Inc. | December 19, 2012 | Vyas M. |

(All in violation of Title 18, United States Code, Section 1546(a)).

**Counts 10 to 12**
**(Aggravated Identity Theft)**

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs One to Nine of the general allegations and Twelve to Twenty-One of Count One are realleged and incorporated by reference as if fully set forth herein.

2.      On or about the dates listed below, in the Eastern District of Virginia and elsewhere, defendant KOSURI did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit: the names and signatures of the individual victims listed below, during and in relation to felony violations enumerated in 18 U.S.C. § 1028A(c), that is, visa fraud, as alleged in Counts Two through Four of this Indictment.

| Count | Date | Victim | Description |
|-------|------|--------|-------------|
| 10 | December 28, 2012 | T.F.J. | Purchase order between Unified Systems, Inc. and EcomNets, Inc. |
| 11 | January 15, 2013 | T.K.J. | Master Service Agreement between Unified Systems, Inc. and EcomNets, Inc. |
| 12 | July 23, 2013 | M.H. | Task order between General Dynamics Information Technology and EcomNets, Inc. |

(All in violation of Title 18, United States Code, Section 1028A(a)(1))).

## Counts 13 to 15
### (International Money Laundering)

THE GRAND JURY FURTHER CHARGES THAT:

     1.    Paragraphs One to Nine of the general allegations and Twelve to Twenty-One of Count One are realleged and incorporated by reference as if fully set forth herein.

     2.    On or about the dates listed below, in the Eastern District of Virginia and elsewhere, defendant KOSURI did unlawfully and knowingly transport, transmit, and transfer funds to a place outside the United States from or through a place inside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: defendant KOSURI transferred funds in the amounts listed below from accounts he controlled in the United States to accounts he controlled in India, with the intent to promote visa fraud, in violation of Title 18, United States Code, Section 1546(a).

| Count | Date | Amount | Description |
| --- | --- | --- | --- |
| 13 | December 3, 2013 | $55,000.00 | Wire transfer from Wells Fargo Bank account -6219 to Citibank |
| 14 | January 15, 2014 | $25,000.00 | Wire transfer from Wells Fargo Bank account -6219 to Citibank |
| 15 | February 17, 2015 | $36,600.00 | Wire transfer from Wells Fargo Bank account -2958 to Kotak Mahindra Bank |

(All in violation of Title 18, United States Code, Section 1956(a)(2)(A)).

**Count 16**
**(Conspiracy to Make False Statements to the Small Business Administration)**

THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs One to Four of the general allegations are realleged and incorporated by reference as if fully set forth herein.

2.     From in or about May 2012 through in or about January 2016, in the Eastern District of Virginia and elsewhere, defendants KOSURI, JHARIA, and PILUSO did knowingly and intentionally combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to make false statements and reports for the purpose of influencing the actions of the SBA in connection with an application for HUBZone certification and for the purpose of influencing FDIC-insured banks in connection with loans guaranteed by the SBA, in violation of Title 18, United States Code, Section 1014.

**The SBA HUBZone and 7(a) Programs**

3.     The Historically Underutilized Business Zones ("HUBZone") program was a federal contracting preference program administered by the SBA.  The program encouraged economic development and job creation in historically underutilized business zones, known as HUBZones, through contract preferences.  HUBZones were defined by geographic boundaries, and one such HUBZone included the city of Danville, Virginia, and the surrounding area.

4.     Small businesses operating in a HUBZone applied to the SBA for program certification.  To qualify, small businesses needed to meet the SBA definition of a "small business," needed to be owned and controlled by a U.S. citizen, and needed to locate their principal office in a HUBZone.  Once certified, small businesses enjoyed a variety of advantages when competing for federal contracts, to include sole-source contracts and a

ten (10) percent price advantage in open contract competitions when competing against non-certified businesses.

5.      The SBA operated various loan guarantee programs, to include the 7(a) program.  The 7(a) program provided general purpose loans to small businesses via SBA-approved lenders; the SBA guaranteed the loans, providing an incentive to lenders to underwrite loans to small businesses.  In order to qualify for a loan under the 7(a) program, a business needed to satisfy the following criteria, among others: (1) that it met the SBA's definition of a "small business"; (2) that it was owned by qualifying principals; (3) that its operations did not fall within prohibited categories; and (4) that the loan proceeds were to be used for a sound business purpose.

<strong>Purposes of the HUBZone and 7(a) Conspiracy</strong>

6.      The primary purposes of the conspiracy were to obtain federal contract preferences and SBA-guaranteed loans through false and fraudulent representations to the SBA and FDIC-insured banks that participated in the SBA's 7(a) loan program.

<strong>Manner and Means of the HUBZone and 7(a) Conspiracy</strong>

7.      The named and unnamed co-conspirators employed various means in furtherance of the conspiracy, including but not limited to the means described in paragraphs Eight through Fifteen below.

8.      Defendant JHARIA submitted a HUBZone application to the SBA in November 2012.  In the application, JHARIA certified under penalty of perjury that she was a U.S. citizen, was the sole owner of EcomNets Federal Solutions, LLC, and that the principal business location and at least 35 percent of the firm's employees were physically located in Danville, Virginia.  With this initial HUBZone application, JHARIA provided materially false state and federal tax records to the SBA, and made false

16

representations to the SBA regarding the principal office of EcomNets Federal Solutions, LLC and the residence of firm employees.

9.      After the initial and a second HUBZone application were denied by the SBA, defendant JHARIA submitted a third application to the SBA on or about May 29, 2014. In that application, defendant JHARIA concealed defendant KOSURI'S role as a manager and owner of EcomNets Federal Solutions, LLC.

10.      Defendants KOSURI and JHARIA concealed from the SBA in their initial and subsequent HUBZone applications the true headquarters of EcomNets Federal Solutions, LLC in Sterling, Virginia, and falsely represented to the SBA that EcomNets Federal Solutions, LLC was headquartered in an empty office suite in Danville, Virginia.

11.      Defendants KOSURI and JHARIA opened business checking accounts at Wells Fargo Bank in the name of EcomNets Federal Solutions, LLC, on which accounts both KOSURI and JHARIA were signatories.

12.      Defendant JHARIA represented to the SBA that she was a full-time employee of EcomNets Federal Solutions, LLC in Danville, Virginia, when in fact she was employed as an IT contract employee for the U.S. Postal Service in Rossyln, Virginia and at other locations (to include her residence) in Northern Virginia.

13.      Defendants JHARIA and KOSURI retained defendant PILUSO not later than August 2013 to consult on JHARIA's HUBZone application to the SBA and to prepare correspondence and other filings which were sent to the SBA on behalf of EcomNets Federal Solutions, LLC.

14.      On or about July 21, 2014, defendant JHARIA obtained a loan in the amount of $150,000 from Celtic Bank, which loan was guaranteed by the SBA pursuant to the 7(a) loan program. Defendant JHARIA represented to the SBA that loan proceeds

would be used for a sound business purpose, when in truth and fact the loan proceeds were diverted to other Enterprise businesses and to defendant KOSURI individually.

15.     Subsequent to its certification by the SBA in or about September 2014, EcomNets Federal Solutions, LLC, by and through defendants KOSURI and JHARIA, applied for and received not less than $47,472 in federal government contracts.

## Overt Acts in Furtherance of the HUBZone and 7(a) Conspiracy

16.     In furtherance of the conspiracy, and to effect its illegal objects, on or about the dates listed below, in the Eastern District of Virginia and elsewhere, defendants KOSURI, JHARIA, and PILUSO and their co-conspirators committed the following overt acts, among others:

a.     On or about August 20, 2013, defendant PILUSO deposited a check signed by defendant KOSURI in the amount of $2,500 to an account in the name of QualBlazer LLC, drawn on a Wells Fargo account ending -0200 in the name of EcomNets Federal Solutions, LLC.

b.     On or about December 6, 2013, defendant PILUSO deposited a check signed by defendant KOSURI in the amount of $3,505 to an account in the name of QualBlazer LLC, drawn on a Wells Fargo account ending -6654 in the name of EcomNets, Inc.

c.     On or about May 29, 2014, defendant JHARIA submitted to the SBA a HUBZone application and supporting materials on behalf of EcomNets Federal Solutions, LLC, and which application contained material false statements regarding the location, ownership, and management of EcomNets Federal Solutions, LLC.

d.     On or about August 19, 2013, defendant PILUSO caused the transmission of e-mail communications to defendant KOSURI in connection with a request that

18

defendant KOSURI sign a "Work Order" on behalf of EcomNets Federal Solutions, LLC and defendant JHARIA.

     e.     On or about September 11, 2013, defendant PILUSO caused the transmission of e-mail communications to defendant KOSURI in connection with an "Economic Disadvantage" letter to be submitted to the SBA in connection with the SBA 8(a) program.

     f.     On or about August 23, 2014, defendant PILUSO caused the transmission of e-mail communications in connection with a request for information sent by the SBA to EcomNets Federal Solutions, LLC.

     g.     On or about August 25, 2014, defendant JHARIA caused the transmission of a letter and supporting exhibits by facsimile to the SBA in connection with her pending HUBZone application.

     h.     On or about August 25, 2014, defendant JHARIA caused the transmission of e-mail communications to the SBA in connection with her pending HUBZone application.

     i.     On or about March 20, 2015, defendant JHARIA caused the transmission of wire communications to the SBA in connection with her HUBZone profile and the business GovSecurity, LLC (formerly known as EcomNets Federal Solutions, LLC).

     j.     On or about May 8, 2012, defendants KOSURI and JHARIA opened a business checking account ending -0200 at Wells Fargo Bank in the name of EcomNets Federal Solutions, LLC.

     k.     On or about May 28, 2013, defendants KOSURI and JHARIA submitted a "Addendum to Certificate of Authority" to Wells Fargo Bank in connection with the business checking account ending -0200 and added defendant KOSURI as an authorized signer on the account.

l.     On or about July 16, 2014, defendant JHARIA signed, under penalty of perjury, SBA "Borrower Information Form" in connection with her application for a SBA-guaranteed loan from Celtic Bank under the SBA 7(a) loan program.

m.     On or about July 21, 2014, defendants KOSURI and JHARIA caused the wire transfer of $143,635 from Celtic Bank, representing the proceeds of SBA-guaranteed loan ending -0413, to Wells Fargo Bank business checking account ending -0200.

n.     On or about August 6, 2014, defendant KOSURI deposited a check in the amount of $50,000 to Wells Fargo Bank business checking account ending -2884, drawn on Wells Fargo Bank business checking account ending -0200, and made payable to "EcomNets, Inc."

(All in violation of Title 18, United States Code, Section 371).

## Counts 17 to 19
### (False Statements to the Small Business Administration)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs One to Four of the general allegations and Paragraphs Three to Sixteen of Count Sixteen are realleged and incorporated by reference as if fully set forth herein.

2.      On or about the dates set forth below, in the Eastern District of Virginia and elsewhere, defendants KOSURI, JHARIA, and PILUSO willfully and knowingly made and caused to be made to the SBA false statements for the purpose of influencing the actions of the SBA in connection with the HUBZone application and continued HUBZone certification of EcomNets Federal Solutions, LLC, each statement constituting a separate count:

| Count | Date | Description |
|-------|------|-------------|
| 17 | August 5, 2014 | E-mail from JHARIA to SBA responding to request for information |
| 18 | August 25, 2014 | E-mail from JHARIA to the SBA containing letter and exhibits in support of HUBZone application |
| 19 | March 20, 2015 | HUBZone recertification changing name of enterprise from EcomNets Federal Solutions, LLC to Govsecurity, LLC |

(All in violation of Title 18, United States Code, Section 1014).

**Count 20**
**(Procurement of Citizenship or Naturalization Unlawfully)**

THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs One to Nine of the general allegations and Twelve to Twenty-One of Count One and Paragraphs Three to Sixteen of Count Sixteen are realleged and incorporated by reference as if fully set forth herein.

2.     On or about the 23rd day of May, 2012, in the Eastern District of Virginia, defendant JHARIA, knowingly procured and attempted to procure her naturalization, contrary to law.

(All in violation of Title 18, United States Code, Section 1425(a)).

## Count 21
## (Procurement of Citizenship or Naturalization Unlawfully)

THE GRAND JURY FURTHER CHARGES THAT:

1.      Paragraphs One to Nine of the general allegations and Twelve to Twenty-One of Count One are realleged and incorporated by reference as if fully set forth herein.

2.      On or about the 14th day of February, 2014, in the Eastern District of Virginia, defendant BHATTACHARYA, knowingly procured and attempted to procure her naturalization, contrary to law.

(All in violation of Title 18, United States Code, Section 1425(a)).

**Forfeiture Notice**

Pursuant to Rule 32.2(a), defendants KOSURI, JHARIA, NARANG, VIKRANT

JHARIA, and BHATTACHARYA are hereby notified that, if convicted of any of the

offenses alleged in Counts One through Nine and Counts Twenty and Twenty-One,

above, they shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A), all

right, title, and interest in any and all property, real or personal, which constitutes or is

derived from proceeds traceable to a violation of 18 U.S.C. § 1546(a) or conspiracy to

commit the same or to a violation of 18 U.S.C. § 1425.  Defendant KOSURI is hereby

notified that, if convicted of any of the offenses alleged in Counts Thirteen through

Fifteen above, he shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all

right, title, and interest in any and all property, real or personal, which constitutes or is

derived from proceeds traceable to a violation of 18 U.S.C. § 1956.  The grand jury finds

probable cause to believe that at a minimum, the following assets are proceeds of the

offenses charged here or property involved in the offenses charged herein and are

therefore subject to forfeiture:

Sum of money equal to at least $20,700,000.00 in United States currency, representing the amount of proceeds obtained as a result of a violation of 18 U.S.C. § 1546(a) and a conspiracy to commit the same pursuant to 18 U.S.C. § 371 and as a result of a violation of 18 U.S.C. § 1956(a)(2)(A).

Specified bank accounts:
  (a) Account 530004879 in the name of Ecomnets Inc. at Acacia Federal Savings Bank;
  (b) Account 2123206768 in the names of Raju Kosuri and/or Smriti Kosuri, all at Capital One Bank;
  (c) Accounts 0200132041, 0200131902 and 0200132017 in the names of Ecomnets Danville LLC, Ecomnets Inc., and Ecomnets Inc., all at Eagle Bank;
  (d) Account Nos. Z135939 and Z135940 in the names of Smriti Kosuri and Raj Kosuri, under the investment name United Software Solutions, all at Equity Trust Company;
  (e) Account 95072187 in the name of Ecomnets, Inc. at First National Bank;
  (f) Account 115031 in the name of Ecomnets, Inc. at John Marshall Bank;

(g)    Accounts in the names of Ecomnets, Inc., Smriti Kosuri and/or Raj Kosuri, under ePlan Plan ID#69973, all at Sure 401 ePlan Services Inc.;

(h)    Accounts 2834523215, 3881325207, 5842068123, 5842072802, 6709250200, 6709250879, 6709250887, 8665062884, 7647363972, 7665252958, 7665252974, 7933476736, 8670393159, 8670393167, 8670338956, 8670374837, 2000025146219, 2000051681175, and 2000005776654, in the names of Ecomnets Federal Solutions, LLC, Ecomnets Federal Solutions, LLC, Immigration, LLC, Ecomnets Danville, LLC, Ecomnets Federal Solutions, LLC, Climetrics, Inc., United Software Solutions, United Tech Corporation, United Tech Corporation, Data Systems, Inc., Immigration, LLC, Data Systems, Inc., Agility Software, Inc., Citrix Software, Inc., Resilience Software Solutions, American Eagle Software, Inc., Unified Systems, Inc., Unified Systems, Inc., and Ecomnets, Inc., respectively, all at Wells Fargo Bank;

Specified real property:

(i)    Real property located at 45615 Willow Pond Plaza, Sterling, Virginia;

(j)    Real property located at 45645 Willow Pond Plaza, Sterling, Virginia;

(k)    Real property located at 6C Cane Creek Blvd (consisting of 12.69 acres vacant land), Danville, Virginia.

Specified personal property:

(l)    A 2010 Mercedes Benz Model S400, black exterior color, four-door, bearing Vehicle Identification Number WDDNG9FB6AA300660, last known to bear Virginia license tag no. "999999S".

Pursuant to Title 21, United States Code, Section 853(p), defendants shall forfeit the following substitute property to the United States of America, up to the value of the currency above-described, if, by any act or omission of the defendant, the currency above-described cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty:

(m)    Real property located at 42916 Via Veneto Way, Ashburn, Virginia;

(n)    Real property located at 22369 Maison Carree Square, Ashburn, Virginia;

(o) Real property located at 3650 Morris Farm Drive, Unit 2A, Greensboro, North Carolina; and

(p) Safe deposit box numbers 226-3 and 556-3 in the name of Raju Kosuri and/or Smriti Kosuri at Capital One Bank, located at 43931 Farmwell Hunt Plaza, Ashburn, Virginia.

(All in accordance with Title 18, United States Code, Sections 982(a)(6)(A) and 982(a)(1) and Title 21, United States Code, Section 853(p); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

Dated this _____ day of April 2016

A TRUE BILL

Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office

Foreperson of the Grand Jury

Dana J. Boente
United States Attorney

Paul K. Nitze
Special Assistant United States Attorney (LT)

Pursuant to the E-Government Act,
The original of this page has been filed
under seal in the Clerk's Office